**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOSEPH MARIANO, JR. | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:08-cv-01738 (JCH) |
| | : | |
| SOCIAL SECURITY | : | |
| ADMINISTRATION | : | MARCH 29, 2010 |
| Defendant. | : | |

**RULING RE: PLAINTIFF'S OBJECTIONS (Doc. No. 31) TO THE MAGISTRATE**
**JUDGE'S RECOMMENDED RULING (Doc. No. 29) DETERMINING PENDING**
**MOTIONS (Doc. Nos. 22, 24)**

**I.     INTRODUCTION**

Plaintiff, Joseph Mariano, Jr., brings this action pursuant to § 205(g) of the Social

Security Act, 42 U.S.C. § 405(g), requesting review of a final decision by the defendant,

the Commissioner of Social Security ("Commissioner"), that Mariano is not disabled and

therefore not entitled to Supplemental Security Income ("SSI").  On February 19, 2010,

Magistrate Judge Holly B. Fitzsimmons issued a Recommended Ruling, denying

Mariano's Motion for Order Reversing the Decision of the Commissioner ("Motion to

Reverse") and granting the defendant's Motion for Order Affirming the Decision of the

Commissioner ("Motion to Affirm").  See Recommended Ruling (Doc. No. 29).  On

March 5, Mariano filed an Objection to the Recommended Ruling.  See Objection (Doc.

No. 31).  For the reasons stated below, the Magistrate Judge's Recommended Ruling is

affirmed, adopted, and ratified in part.  Plaintiff's Motion to Reverse (Doc. No. 22) is

denied, and defendant's Motion to Affirm (Doc. No. 24) is granted.

**II.     STANDARD OF REVIEW**

As a preliminary matter, a district court reviews, de novo, those portions of a

1

magistrate judge's recommended ruling to which an objection is made.  The court may adopt, reject, or modify, in whole or in part, the magistrate judge's recommended ruling. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In review of a Social Security disability determination, a court will set aside the decision of an administrative law judge ("ALJ") "only where it is based upon legal error or is unsupported by substantial evidence."  Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998).  As the Supreme Court has instructed, substantial evidence means more than a "mere scintilla."  See Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation and citation omitted).  Rather, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  Further, the substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact.  See Gonzalez v. Apfel, 23 F. Supp. 2d 179, 189 (D. Conn. 1998). In its review, a court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner.  See Reyes v. Harris, 486 F. Supp. 1063, 1067 (S.D.N.Y. 1980).  Under this standard of review, absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently.  See Eastman v. Barnhart, 241 F. Supp. 2d 160, 168 (D. Conn. 2003).

## III.   BACKGROUND

### A.   Procedural History

On April 22, 2005, Mariano filed an application for Supplemental Security Income ("SSI"), alleging disability as the result of a lower back injury in 2000.  See Certified Transcript of Record ("Tr.") at 53-56 (Doc. No 16).   His claim was denied initially, and

again on reconsideration.  See Tr. at 39, 40, 41, 46.  On November 2, 2007,

Administrative Law Judge (ALJ) Joseph Shorthill held a hearing on Mariano's

application at which Mariano and vocational expert James Parker testified.  See Tr. at

183-219.   On November 23, the ALJ issued a decision denying Mariano's claims.  See

Tr. at 10-20.   Mariano appealed that decision, and on September 23, 2008, the

Appeals Council denied his request for review.  See Tr. at 4-6.  Mariano, represented

by counsel, appealed to this court.  On February 19, Magistrate Judge Fitzsimmon

issued a Recommended Ruling on Mariano's Motion to Reverse, to which Mariano has

objected.

      B.    Medical History

      Mariano's medical history is described, in great detail, in the Recommended

Ruling.  See Recommended Ruling ("RR") at 2-14.  This court notes that Mariano

originally filed for disability benefits on the basis of his back pain.  See Tr. at 64-70, 72-

82.  In fact, Mariano's Complaint to this court argues that he should have been entitled

to receive disability benefits because of the following disability: "spinal spinosis, disc

bulge, back pain.  See Complaint at ¶ 5 (Doc. No. 3).  However, both Mariano's Motion

to Reverse and his Objection focus solely on Mariano's depression.  See Motion to

Reverse; Objection.  Therefore, this section will highlight only the medical history

relevant to Mariano's depression.

      On March 21, 2007, Dr. Kathleen Abbott of Connecticut Spine & Sports

Physicians evaluated Mariano for back pain and numbness in the right leg.  See Tr. at

180-82.  In this evaluation, Dr. Abbott stated that Mariano "does appear to most likely

have underlying depression contributing to his overall inactivity and painful condition.

3

Being deconditioned is also a negative factor in him becoming more functional." <u>See</u> Tr. at 182.

On May 23, 2007, Mariano met with Dr. Gloria Losada-Zarate, a psychologist. He was referred to her by the State of Connecticut Bureau of Disability Determination Services. <u>See</u> Tr. at 155. Dr. Losada-Zarate filled out a form titled "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" and also created a narrative report of her evaluation of Mariano. <u>See</u> Tr. at 152-54, 155-57.

On the Medical Source Statement form, Dr. Losada-Zarate checked the box "No" next to Question 1: "Is ability to understand, remember, and carry out instructions affected by the impairment?" <u>See</u> Tr. at 152. Although the question directed the doctor to go to Question 2 if she answered "No" to Question 1, Dr. Losada-Zarate filled out the subparts of Question 1 and identified the factors that supported her assessment. <u>See</u> <u>id.</u> Dr. Losada-Zarate checked boxes indicating that Mariano had "no" restrictions on the following "work-related mental activities:" "Understand[ing] and remember[ing] simple instructions; carry[ing] out simple instructions; the ability to make judgments on simple work-related decisions; understand[ing] and remember[ing] complex instructions; carry[ing] out complex instructions; and the ability to make judgments on complex work-related decisions." <u>See</u> <u>id.</u> Underneath this section, Dr. Losada-Zarate answered by hand another subpart of Question 1 which asked her to "[i]dentify the factors . . . that support your assessment:"

> Average intellectual functioning. No evidence of cognitive impairment nor learning disorders. There is evidence of an underlying depression and significant anxiety. However, with medication and/or psychological treatment, he may engage in competitive employment as long as motivational factors do not interfere with the same.

4

Id.

In response to Question 2, Dr. Losada-Zarate checked boxes that indicated that Mariano had "mild" restrictions for the following work-related mental activities: "Interact[ing] appropriately with the public; interact[ing] appropriately with supervisor(s); interact[ing] appropriately with co-workers; and respond[ing] appropriately to usual work situations and to changes in a routine work setting."  See id. at 153.  Dr. Losada-Zarate checked "No" next to Question 3, "Are any other capabilities affected by the impairment?"

In her narrative report, Dr. Losada-Zarate stated that Mariano "had to be repeatedly informed of the nature of the evaluation process and prompted to focus on the tasks of the evaluation process."  See Tr. at 155.  Dr. Losada-Zarate's report also stated that Mariano "stated that he tends to stay at home, isolating from others and not doing much of anything," and that "emotionally, he feels depressed and worrisome . . . because of his physical condition."  See id. at 156.  After performing several tests, including a mental status exam, Dr. Losada-Zarate stated that her diagnostic impression on Axis I was that Mariano had "Adjustment Disorder with mixed anxiety and depression."  See id. at 157.  She ruled out Anxiety Disorder.  See id.  Dr. Losada-Zarate concluded: "It is recommended that Mr. Mariano consider the possibility of receiving a psychiatric evaluation in order to determine whether pharmacological intervention may be beneficial in addressing the underlying anxiety and depression.  He may be able to engage in competitive employment as long as he is medically cleared to do so."  Id.

5

C.    ALJ's Disability Determination

The Social Security Act provides that every individual who suffers from a disability is entitled to disability insurance benefits.  See 42 U.S.C. § 423(a)(1).  A disability is defined as, "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. at § 423(d)(1)(A). The impairment or impairments must be of such severity that the claimant:

> is not only unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.

Id. at § 423(d)(2)(A).

Under the Act, the Social Security Administration (the "Administration") has established a five-step, sequential evaluation process for determining whether an individual is disabled.  See 20 C.F.R. § 416.920(a).  The steps are followed in order.  If at any step it can be determined that the claimant is or is not disabled, that determination is made and the evaluation ends without proceeding to the next step.

At step one, the Commissioner must determine whether the claimant is engaged in substantial gainful activity.  See 20 C.F.R. § 416.920(b).  Generally, if an individual has earnings from employment or self-employment above a level set out in the regulations, it is presumed that that individual has demonstrated the ability to engage in substantial gainful activity.  See 20 C.F.R. §§ 416.974-5.  If the claimant is not engaged in substantial gainful activity, the evaluation proceeds to step two.

6

At step two, the Commissioner must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe."  See 20 C.F.R. § 416.920(c).  An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities.  If the claimant has an impairment or combination of impairments that is "severe," the evaluation proceeds to step three.

At step three, the Commissioner must determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in the appendix to the regulations.  See 20 C.F.R §§ 416.920(d), 416.925-6.  If the claimant's impairment or combination of impairments meets or medically equals the criteria of a listing, and meets a duration requirement, the claimant is disabled.  If not, the evaluation proceeds to step four.

At step four,  the Commissioner must determine the claimant's residual functioning capacity ("RFC") and then determine whether the claimant has the RFC to perform the requirements of the claimant's past relevant work.  See 20 C.F.R. §§ 416.920(e), 416.920(f).  If the claimant has the RFC to perform past relevant work, the claimant is not disabled. If the claimant is unable to perform any past relevant work, the evaluation proceeds to the fifth and last step.

At step five, the Commissioner must determine whether the claimant is able to perform any other work, taking into consideration the claimant's RFC, age, education, and work experience.  See 20 C.F.R. § 416.920(g).  If the claimant is not able to perform other work and meets the duration requirement, the claimant is disabled.

The burden of establishing a disability is on the claimant. Once the claimant

7

meets the burden for the first four steps of the disability evaluation, however, the burden then shifts to the Commissioner for the fifth step.  See Balsamo, 142 F.3d at 80.

In the present case, in his November 28, 2007 decision, the ALJ found that Mariano satisfied the first two steps of the disability evaluation.  See Tr. at 15.  At the third step, the ALJ then found that Mariano's impairments do not meet or medically equal one of the listed impairments in the appendix to the regulations.  Id.  At step four, the ALJ determined that Mariano was unable to perform past relevant work.  Id. at 19. At step five, the ALJ determined that Mariano had the residual functional capacity to "perform sedentary work" including work as a final assembler, preparer, or mall information clerk.  Id. at 16, 20.  Thus, the ALJ determined that Mariano was not disabled.  Id. at 20.

IV.    ANALYSIS

The Magistrate Judge's 32-page Recommended Ruling comprehensively reviews the ALJ's decision and concludes that substantial evidence in the record supports the Commissioner's determination that Mariano was not disabled.  Mariano now objects to this Recommended Ruling.  His Objection includes a numbered list of errors he alleges that are made in the Recommended Ruling.  The court will address Mariano's objections in the order he raises them, and as he labels them.

A.    Mariano's Objections

1A.  Mariano objects to the statement in the Recommended Ruling that he "submitted no records for any mental health diagnosis or treatment."  RR at 12. Mariano argues that this statement disregards the evaluations of Dr. Abbot and Dr. Losada-Zarate.  However, the Recommended Ruling addresses both of these

evaluations.  Additionally, the statement is not incorrect.  Dr. Abbott, as a back specialist, did not provide a mental health diagnosis.  Dr. Losada-Zarate's evaluation was performed at the referral of the state Bureau of Disability Determination Services, and thus was not technically "submitted" by Mariano.  There is no evidence in the record of any mental health treatment.  This objection is overruled.

1B.  Mariano objects to the statement in the Recommended Ruling that Dr. Losada-Zarate found that he had no limitation in understanding, remembering, and carrying out simple or complex instructions or in making judgments on simple or complex work-related instructions.  <u>See</u> RR at 13-14.  Although Mariano argues that Dr. Losada-Zarate's Medical Source Statement "contradicts the statement that he has no such limitations," the Recommended Ruling is quoting from Dr. Losada-Zarate's answers to the subparts of Question 1 on that form.  <u>See</u> <u>supra</u> at 4.  This objection is overruled.

1C.  Mariano next "objects to the statement that Dr. Losada-Zarate found no capabilities of [his] were affected by his adjustment disorder other than interacting with the public, co-workers and usual work situations and changes to routine work setting."  <u>See</u> Objection at 3; RR at 14.   The Recommended Ruling is, again, referring to Dr. Losada-Zarate's answers to Questions 2 and 3 on the Medical Source Statement.  <u>See</u> <u>supra</u> at 5.  The Recommended Ruling also references both Dr. Losada-Zarate's handwritten remarks underneath Question 1 and her narrative report.  <u>See</u> RR at 13-14. This objection is overruled.

2A.  Mariano objects to the Recommended Ruling's statement that the ALJ "carefully noted" Dr. Losada-Zarate's evaluation.  <u>See</u> Objection at 4; RR at 20.

Mariano argues that the ALJ only spent seven lines on Dr. Losada-Zarate's evaluation and did not remark on the conditional nature of her statement about his ability to engage in employment or on her handwritten comments.  However, the ALJ, in fact, quotes directly from Dr. Losada-Zarate's handwritten comments, which include her conditional statement of Mariano's ability to engage in work.  This objection is overruled.

2B.  Mariano next objects to the statement in the Recommended Ruling that Dr. Losada-Zarate stated Mariano only had mild limitations relative to his ability to do work-related activities.  See RR at 20.  This is similar to Objection 1C.  The Recommended Ruling, which is quoting the ALJ's decision, is referring to the Medical Source Statement, in which Dr. Losada-Zarate explicitly stated that Mariano only had, at most, mild limitations in his ability to do work-related activities.  See supra at 4-5.  Neither the Recommended Ruling nor the ALJ disregarded Dr. Losada-Zarate's other statements, in which she found "underlying depression" and that Mariano may need treatment in order to be able to engage in competitive employment.  See Tr. at 19; RR at 20.  This objection is overruled.

3A.  The Recommended Ruling finds "little indication in the record suggesting a disabling mental disorder."  See RR at 25.  Mariano objects to this finding.  See Objection at 5.  Mariano argues that his case is distinguishable from Schaal v. Apfel, the case cited in the Recommended Ruling, because the plaintiff in that case had a mental disorder that was "under adequate control" and his physical condition did not manifest itself in "increased nervousness, depression or anxiety."  See Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).  The court first notes that the medical records in this

10

case take up 82 pages of the record, and only seven of those pages include any reference to depression.  Additionally, Dr. Abbott, who noted that Mariano "does *appear* to *most likely* have underlying depression," is a back specialist, not a mental health professional, and her diagnosis appears to this court to be considerably qualified.  See Tr. at 182 (emphasis added).  Dr. Losada-Zarate, who is a psychologist, noted Mariano's depression and anxiety, but she does not state that those disorders are "disabling."  Instead, she states that he "may engage in competitive employment" with treatment.  See Tr. at 152.  Importantly, the Medical Source Statement included check boxes for Dr. Losada-Zarate to state that Mariano had "marked" or "extreme" limitations with regard to work-related activities, and she did not check those boxes.  See Tr. at 152-53.  Although the facts of this case are different from Schaal, the Magistrate Judge was correct in stating that there was little evidence in the record suggesting a disabling mental disorder.  This objection is overruled.

3B.  Mariano objects to the finding in the Recommended Ruling that the ALJ properly developed the record.  See RR at 25-26.  In particular, Mariano argues that the ALJ failed to "seek additional evidence or clarification" when the medical source "contains a conflict or ambiguity."  See Objection at 6; 20 C.F.R. § 416.912(e)(1).  The court first notes that it was the ALJ who arranged for Mariano to meet with Dr. Losada-Zarate, which indicates that he was fulfilling his obligation to fully develop a complete medical record.  See RR at 25; Tr. at 155.  In making the argument that the ALJ ignored an ambiguity, Mariano begins by incorrectly stating that Dr. Losada-Zarate never said that Mariano only has mild limitations to his ability to perform work-related activities.  As noted in response to Mariano's objections 1C and 2B, this argument is without merit.

11

Mariano also argues that Dr. Losada-Zarate's statement that he may be able to work with treatment is ambiguous, which this court finds that it is not.  The Medical Source Statement asks the physician to give a professional opinion of "what the individual can still do despite his/her impairments."  See Tr. at 152.  On this form, Dr. Losada-Zarate stated that Mariano "may engage in competitive employment," while noting that this could require treatment or medication.  This court sees no ambiguity in Dr. Losada-Zarate's evaluation.

Mariano also argues that the way that Dr. Losada-Zarate answered Question 1 is ambiguous, because she failed to move ahead to Question 2 after answering "No" to the first question about ability to understand.  However, nothing about the way Dr. Losada-Zarate answered Question 1 is internally inconsistent.  She answers every subsection of Question 1 in the negative, as she did the main question.  There is no ambiguity there.  Additionally, her handwritten comments under Question 1 do not call into question her answers – she states there is no cognitive impairment, and that although there is evidence of depression and anxiety, Mariano "may engage in competitive employment" with treatment or medication.  Those answers are not inconsistent.  Additionally, to the extent that there is conflicting evidence within Dr. Losada-Zarate's evaluation, "[a]n ALJ need not reconcile explicitly every conflicting shred of medical testimony."  See Zabala v. Astrue, 595 F.3d 402 (2d Cir. 2010).  This objection is overruled.

3C.  Mariano argues that the ALJ misread the evidence, and the Recommended Ruling is incorrect in finding that the ALJ did not do so.  See Objection at 7-8, RR at 26.  In particular, Mariano finds fault with the statement by the ALJ that "no treating or

examining physician has suggested that the claimant has any physical or mental impairment which prevents him from working."  See Tr. at 19.  The court first notes that, under this objection, Mariano does not reference Dr. Losada-Zarate, because he cannot.  In her evaluation, she stated that he had, at most, mild limitations on his ability to perform work-related activities, and that he "may engage in competitive employment." Instead, Mariano rests on Dr. Abbott's evaluation that Mariano "most likely [has] underlying depression."  See Tr. at 182.  First, it is important to note that Dr. Abbott is a back specialist, not a specialist in mental health, and as such, her commentary about Mariano's mental health should not be given the same weight as those of a psychologist.  Additionally, Dr. Abbott made no recommendation one or the other as to whether Mariano's depression would impair him from working, so the ALJ's statement is not incorrect.  This objection is overruled.

4A.  Mariano objects to the Recommended Ruling's finding that there was ample evidence to find that his restrictions were not "marked" within the meaning of the regulation, under Step Three of the ALJ's determination.  This section of the Recommended Ruling addresses the ALJ's finding that Mariano's impairments did not meet the criteria of an impairment listed in Listing 12.04, which deals with Affective Disorders, including depression.  The ALJ focused on Paragraph B of Listing 12.04, which requires a finding of at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration.  See Tr. at 16.

Mariano argues that because the form only asked about certain work-related

13

categories, the ALJ's reliance on Dr. Losada-Zarate's findings of mild restriction is misplaced, and that her evaluation in fact documented a "marked restriction in activities of daily living."  See Objection at 8-9.  The court does not agree with this reading.  The court first finds that the Medical Source Statement provides substantial evidence for the ALJ's finding that Mariano had only mild difficulties in social functioning.  Social functioning refers to a "capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals."  See Listing 12.00, C2.  Dr. Losada-Zarate stated that Mariano had "mild" limitations in interactions with co-workers, supervisors, and the public.  See Tr. at 153.  Therefore, the ALJ's finding on social functioning is supported by substantial evidence.

Mariano argues that there was no place on the Medical Source Statement for a finding with regard to "concentration, persistence or pace."  Concentration, persistence or pace refers to "the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings."  See Listing 12.00, C3.  On the Medical Source Statement, Dr. Losada-Zarate stated that Mariano had no limitations on understanding, remembering, and carrying out both simple and complex instructions – which certainly indicates an ability to "sustain focused attention and concentration" and to complete tasks.  However, Dr. Losada-Zarate, on her narrative form, also wrote that Mariano "had to be repeatedly informed of the nature of the evaluation process and prompted to focus on the tasks of the evaluation process."  See Tr. at 155.  The ALJ found that Mariano had "mild difficulties" with regard to concentration, persistence or pace.  A reasonable mind could balance Dr. Losada-Zarate's answers to Question 1 (finding no limitations) with her statements

14

about Mariano's difficulties with concentration in the narrative report, and find mild difficulties in this regard.  Therefore, the ALJ's finding on concentration, persistence or pace is supported by substantial evidence.

Mariano does not argue, nor is there any evidence in the record, that he has had repeated episodes of decompensation.  In order to make a finding of disability under Listing 12.04, the plaintiff must satisfy two of the four criteria.  The ALJ was supported by substantial evidence that Mariano did not meet at least three of those criteria, and therefore his finding must be upheld.

To the extent that the Recommended Ruling does not fully address Mariano's objections about concentration, persistence or pace, the court does not adopt the Recommended Ruling's position.  However, the court does adopt the Recommended Ruling's finding that the ALJ's finding satisfied the "substantial evidence" standard.  The objection is overruled because there is substantial evidence in the record to support the ALJ's determination that Mariano's impairments did not meet the criteria listed in Listing 12.04.

4B.  Mariano's objection about the ALJ's findings regarding concentration, persistence or pace was addressed with regard to Objection 4A.  This objection is overruled.

5A.  Mariano objects to the finding that the ALJ properly applied the Medical-Vocational "Grids" Framework, and argues that his depression qualifies as a listed impairment under Listing 12.04.  See Objection at 9-11; RR at 28.  Mariano first argues that the ALJ misread Dr. Losada-Zarate's evaluation and emphasizes that it documents a "marked restriction in activities of daily living."  As noted above in response to

15

Mariano's objection 4A, under the grid framework, Mariano must fulfill at least two of the criteria listed under Paragraph B.  Even if Dr. Losada-Zarate's evaluation does document a marked restriction in activities of daily living, the ALJ was supported by substantial evidence in finding that Mariano did not fulfill three of those criteria, and thus did not satisfy Paragraph B.  See, supra, at 15.

Under the grid format, the plaintiff must satisfy both Paragraph A and Paragraph B.  Although the court has already determined that Mariano does not satisfy Paragraph B, it will still address Mariano's objections regarding Paragraph A.  Paragraph A requires "medically documented persistence, either continuous or intermittent, of . . . [d]epressive syndrome characterized by at least four of the following" criteria, which include appetite disturbance, sleep disturbance, and difficulty concentrating or thinking. See Listing 12.04, Paragraph A.  The ALJ did not address Paragraph A in his decision, instead moving right to Paragraph B.  This is a legal error, but it is one made in favor of Mariano, as it assumes that Mariano has met the criteria of Paragraph A.  Remand to the Commissioner is not necessary "[w]here application of the correct legal principles to the record could lead only to the same conclusion."  See Zabala v. Astrue, 595 F.3d 402 (2d Cir. 2010).

With regard to the criteria listed under Paragraph A, the court notes that while Mariano cites to Dr. Abbott's evaluation that he was suffering from "sleep disturbance," the court notes that Mariano testified before the ALJ that his problems sleeping were due to his back pain, not his depression.  See Tr. at 201.  Additionally, Mariano only identifies three criteria that he allegedly satisfies (appetite loss, sleep disturbance and difficulty concentrating).  See Objection at 10.  In order to satisfy Paragraph A, Mariano

16

must provide "medically documented persistence" of at least four of the listed criteria. Mariano does not provide "medically documented persistence" of any of the criteria, much less documentation of four of them, and therefore he does not satisfy Paragraph A.  This objection is overruled.

5B.  Mariano objects to the conclusion that he does not suffer debilitating depression.  See Objection at 11; RR at 29.  The court has already determined that the ALJ's determination that Mariano did not meet the definition of "disabled" under Listing 12.04 due to his depression was supported by substantial evidence.  See supra at 15. Mariano argues that the Recommended Ruling failed to address his argument regarding the possibility of treatment.  In his Motion to Reverse, Mariano argues that the ALJ incorrectly denied benefits on the basis that Mariano's disabling impairment was treatable.  See Motion to Reverse at 12-13.  However, the ALJ did not need to make such a determination because he had already determined that Mariano did not have a disabling impairment, and that determination is supported by substantial evidence.  See supra at 15.

To the extent that the Recommended Ruling failed to fully address Mariano's argument regarding the possibility of treatment, it is not adopted.   The objection is overruled, however, because the ALJ did not base his determination on Mariano's possibility of treatment, but on the fact that Mariano did not meet the definition of "disabled."

5C.  This objection is the same as the one made regarding "marked" impairments in Objection 4A and 5C, and is without merit.  The objection is overruled.

6A.  Mariano objects to the ALJ's credibility finding, in particular the statement

that Mariano is able "to manage a wide range of daily activities [which] belies his allegation of total disability."  See Objection at 12; Tr. at 18.  A finding by the ALJ that "a witness is not credible must . . . be set forth with sufficient specificity to permit intelligible plenary review of the record."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988).  Additionally, these findings must be consistent with the other evidence in the case.  See id. at 261.  As the Recommended Ruling properly notes, the ALJ's gave specific reasons for disregarding some of Mariano's statements. See RR at 31.  Although the ALJ may have slightly overstated Mariano's ability to manage a "wide range of daily activities," there was evidence in Mariano's own testimony that he had some capacity to: take showers, drive a car, walk short distances, sit and stand, take a bus, climb the flight of stairs to his apartment, do his own grocery shopping, and read and write.  See Tr. at 193, 198, 199-200, 202-204.

The ALJ is also supported by substantial evidence that there is a "substantial disparity between [Mariano's] complaints and the objective medical findings contained in the record."  See Tr. at 18.  Among the statements by physicians in the record indicating a disparity between the medical findings and Mariano's version of his pain are: "I do not believe he requires any pain medication whatsoever;" "there appears to be signs of symptom magnification;" "his level of symptoms is certainly out of proportion to the diagnostic findings;" "his expressed disability appears to be out of proportion to our objective findings;" and "complaints of pain were voiced with knee flexion initially. However, when he was told that hip flexion was being tested, he no longer complained of pain."  See Tr. at 103, 112, 113, 119.  Therefore, this objection is overruled.

6B.  Mariano objects to the finding that the ALJ relied on substantial evidence, as

18

he argues that the ALJ should have solicited evidence from Mariano's mother in light of a sparse medical record.  Although an ALJ has an obligation to develop a complete medical record before making a decision, see Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996), it cannot be said that the ALJ in this case failed to develop the medical record properly.  As the Recommended Ruling notes, although Mariano testified about his difficulties completing daily activities, he indicated that this was a result of his back pain, rather than his depression.  See RR at 25.  Additionally, the ALJ asked Mariano directly about his depression, which Mariano did not expound upon.  See Tr. at 204. Additionally, it was the ALJ who arranged for Mariano's evaluation with Dr. Losada-Zarate.  This objection is overruled.

      B.     Substantial Evidence Determination

This court must decide: 1) whether the ALJ made an error of law; and 2) whether the ALJ's decision is supported by substantial evidence.  Absent an error of law, this court must uphold the ALJ's decision if it is supported by substantial evidence, even if the court might have ruled differently.  See Eastman v. Barnhart, 241 F. Supp. 2d 160, 168 (D. Conn. 2003).  Despite Mariano's protestations to the contrary, the ALJ has made no error of law except for an error in the grid analysis with regard to Paragraph A, which was made in Mariano's favor and would not have altered the outcome of the ALJ's final decision.  Therefore, the court must only evaluate whether the ALJ's decision is supported by substantial evidence.

The ALJ held that Mariano satisfied the first two steps in the disability evaluation. The court has held, see supra at 15, that the ALJ's determination that Mariano's impairment did not meet the criteria listed in Listing 12.04 for depression is supported

by substantial evidence.  Additionally, the ALJ found that the evidence did not "reflect the frequency, severity, or duration of symptoms required to meet any category of listing 1.00 (musculoskeletal system)."  <u>See</u> Tr. at 15.  Based on the medical records expressing that Mariano's pain was disproportionate to the diagnostic evidence and the ALJ's own findings about Mariano's credibility, this determination is also supported by substantial evidence.  The ALJ then found that Mariano was unable to perform any past relevant work, which was supported by the findings of the vocational expert.  <u>See</u> Tr. at 216.

Finally, in step five, the ALJ determined that Mariano had the ability to perform any other work, taking into consideration his residual functional capacity, age, education, and work experience.  The ALJ posed two different hypotheticals to the vocational expert taking all of those factors into consideration, including Mariano's back pain and his depression, and accounting for varying levels of activity.  <u>See</u> Tr. at 215, 216A.  Based on those hypotheticals, the vocational expert found that Mariano could work as an assembler of small products, an electronics worker, a price marker, a bottle label inspector, a mall clerk, or a jewelry preparer.  <u>See</u> Tr. 216-17.  The court finds that the ALJ's determination that Mariano is not disabled was based on substantial evidence.

## V.    CONCLUSION

For the reasons discussed herein, and based on a review of the Magistrate Judge's Recommended Ruling (Doc. No. 29), that Ruling is **AFFIRMED, ADOPTED, and RATIFIED, in part**.  The plaintiff's Objections to the Magistrate Judge's

Recommended Ruling (Doc. No. 31) are **OVERRULED**.  Mariano's Motion to Reverse

(Doc. No. 22) is **DENIED**, and the Commissioner's Motion to Affirm (Doc. No. 24) is

**GRANTED**.  Judgment shall enter for the defendant, and the Clerk is directed to close

the case.

**SO ORDERED.**

     Dated at Bridgeport, Connecticut this 29th day of March, 2010.


                 /s/ Janet C. Hall_____
                Janet C. Hall
                United States District Judge